# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BILLY JOE WERTENBERGER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:19-CV-97 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive and will be denied and dismissed.

On April 21, 2015, movant pled guilty to possession of child pornography. As part of his guilty plea, movant waived all rights to appeal his conviction or sentence, relating to non-jurisdictional, non-sentencing issues. On July 28, 2015, the Court sentenced movant to a total term of 117 months' imprisonment and life supervised release. Movant did not appeal. *See United States v. Wertenberger*, No. 1:14CR111 SNLJ (E.D.Mo.).

On December 18, 2017, movant filed his first motion to vacate pursuant to § 2255. *Wertenberger v. United States*, 1:17-CV-222 SNLJ (E.D. Mo.). The Court denied and dismissed the motion to vacate as untimely on April 30, 2018. *Id.* Movant moved for reconsideration of the dismissal, and the motion was denied on September 26, 2018. The Eighth Circuit denied movant's application for certificate of appealability on January 23, 2019. *Wertenberger v. United States*, No. 18-3199 (8th Cir. 2019).

Movant filed the instant motion to vacate on June 17, 2019. He alleges that pursuant to a 10th Circuit case, *United States v. Haymond*, 869 F.3d 1153 (10th Cir. 2017), --U.S.--, *cert. granted*,

139 S.Ct. 398, 202 L.Ed.2d 309 (2018), his "sentence of life on supervised release is unconstitutional and leads to an illegal sentence and a complete miscarriage of justice." Petitioner seeks a change in his supervised release sentence.

In *Haymond*, the 10th Circuit invalidated 18 U.S.C. § 3583(k), which mandates a prison term of at least five years for registered sex offenders who commit specific enumerated crimes while on supervised release. In *Haymond*, the 10th Circuit found subsection (k) unconstitutional because it increases the statutory minimum penalty to which a defendant may be subjected and does so based on facts not found by a jury and not proved beyond a reasonable doubt. 869 F.3d at 1162, 1166. This case is currently on review by the Supreme Court of the United States.

Unfortunately, the Court is unable to address movant's arguments on the merits. The dismissal of movant's prior federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. *E.g., In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Quezada v. Smith*, 624 F.3d 514, 519-20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)). As a result, the instant motion to vacate is successive. Under 28 U.S.C. § 2244(a) and § 2255(h) district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. The instant petition has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief and this action must be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence [Doc. #1] is **DENIED AND DISMISSED as SUCCESSIVE.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 20th day of June, 2019.

                                                      STEPHEN N. LIMBAUGH, JR.
                                                      UNITED STATES DISTRICT JUDGE